At this time, we'll move to case number eight. Huajie Technology v. Heisen Technology Ltd. And Brian Swift. Good morning, your honors. Good morning, Mr. Swift. My name is Brian Swift, appearing on behalf of Appellant. And may it please the court. So Appellant is the owner of the federally registered trademark for Bell Lily, covering various clothing products, which are primarily sold through Appellant's website bellily.com. And they brought the current case against Appellee for trademark and cyber-squatting violations that resulted from Appellee's sale of clothing products through their website bellily.com, which was designed to look nearly identical in appearance to Appellant's website, and which is spelled in a nearly identical manner, except the position of the i in the lowercase l at the end was swapped. And the case followed a fairly unique posture. Appellee initially participated in the case and defended, but ultimately abandoned the case, which prompted the district court to enter a final judgment order. Let's go a little earlier than that. You filed this civil cover sheet, and you didn't mention any related cases. Why is that? In the start of the case, we had filed this and dismissed it, then refiled. And you did not list that prior case as a related case. Why is that? That should have been listed, Your Honor. I don't have a reasoning for that. So for this case, the court invited Appellant to submit a proposed judgment order. And the proposed order submitted by Appellant awarded Appellant $2 million for willful counterfeiting under Section 1117C2 of the Lanham Act, and $100,000 for willful cyber-squatting. Question for you, Counsel. I'm looking at the final judgment order here. You submitted a proposed? Yes, Your Honor. And that is not actually in the record, is it? It was submitted after the fact, Your Honor. What do you mean after the fact? We submitted an updated appendix that should have that order. The proposed? The proposed order, yes. It was only sent to the district court's inbox. So it had not been filed, but it is on the record now. OK. Do you have the appendix citation for that? I do not, Your Honor. OK. So obviously, the judge didn't need to give you, was it $1 million or $2 million, right? Yes. Right. It's the supplemental appendix at 55. OK, thank you. Thank you, Your Honor. I don't have the supplemental appendix here with me right now, but tell me what is different between your proposed other than the monetary amount. Did he significantly pare it down, or how does it look different from what you submitted? Other than the monetary amount, it wasn't all that different. But our proposed order incorporated the same damages that had been submitted in an earlier filed motion for summary judgment. That was never ruled upon. But that had, that laid out the facts. So you're telling me that the proposed judgment order that you submitted looks very much like the one that we submitted? It was entered other than the monetary amounts are different? Yes, Your Honor. OK. Continue. So the district court offered no explanation in the final order or otherwise why the statutory damages requested in the proposed order was not entered and gave no explanation or indication of the legal or factual findings underlying its decision to award the statutory minimum amount of damages. There was a default judgment, though, before that, right? I'm sorry, Your Honor. There was a default judgment already entered before that. Yes, Your Honor. But it's unclear from the final order as to whether the district court considered or even looked at the facts and evidence and arguments laid out in appellant's motion for summary judgment that had been filed earlier in the case, which provided clear support for awarding statutory damages that were requested in the proposed order. And although the district court Let me ask you this. In the motion for default judgment, was there an articulation, a repetition of the arguments supporting those very large damages awards? So, Your Honor, the court entered the judgment on its own. No motion was filed. They had ordered appellee to comply with certain deadlines and follow certain court orders. And they abandoned the case and failed to respond. So after repeated warnings. So is a sua sponte default? Yes, Your Honor. OK. And although the district court is granted with wide discretion in determining the appropriate amount of statutory damages awarded, that discretion is not unlimited. And concerns of due process and meaningful, even if limited, appellate review require that the district court provide some explanation of how they exercise their discretion in determining the amount of statutory damages awarded. And the district court failed to do so and offered no explanation of the legal or factual findings underlying the award. And the district court's failure to provide any explanation as to how it exercised its discretion in determining the award makes appellate review impossible and constitutes reversible error. So in light of this, we request that this court vacate the damages award in the final judgment order and remand the case so that the district court can provide some explanation. What was the explanation and basis that you provided for the $2 million in your proposed order? Your Honor, we had presented facts of the revenue obtained by appellee. They sold a little over $1.7 million worth of counterfeit merchandise. And did you tie that to the damages in your proposed order? We did not, Your Honor. It was laid out in the motion for summary judgment that had been filed. But the proposed order just gave the damages. So the proposed order would have the same error that you were requesting. Yes, Your Honor. Is that correct? How is that not invited error? Your Honor, we had already laid out those arguments and provided our basis for it. I don't see a basis. I'm looking at the document here. And I see a statement of facts. But I don't see the tie-up. That's what Judge Kollar is really pushing for. The tie between what was requested and the damages alleged, that was done by the defendants who did not file a response to the motion for summary judgment. So I don't see the basis here. Can you direct us to where it is in the motion? I'm sorry, Your Honor. Are you referring to our motion for summary judgment or our proposed order? So in the motion for summary judgment, we had sections. Make sure I have the right document pulled up here. So certain sections, I'm sorry, I don't have that order in front of me. But we explained the basis justifying a greater award of damages within it. I don't see it here. But you represented that you did make that representation to the district court? Yes, Your Honor. And we laid out defendant sales and then certain other factors that courts in the Northern District of Illinois have been instructed to consider when awarding statutory damages and requested much greater than the statutory minimum in damages in light of that. If I can turn to one thing before I run out of time. Again, the civil cover sheet. Were you aware of Judge Segar's thoughts on Schedule A cases when the civil cover sheet was filled out? Your Honor, I'm not sure if it was by you or someone else. I believe we had filed the case and no action was taken for, I'm not certain of the duration, but many months and our client. I think it was two to three months, actually. That there was a TRO. As you know, the district courts are flooded with these cases. Yes, Your Honor. I apologize. And so there was a voluntary dismissal. It very much looks like you're trying to run away from Judge Segar. That's what it looks like. I do not believe that was our intention, Your Honor. This case was filed very early. I had just started, so I'm not, I don't have the full reasoning behind that. Judge? All right. See you're out of time. The court will take the case under advisement. Thank you, Mr. Schwartz, for your representation this morning. Thank you, Your Honors.